UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.*, STARR CULPEPPER, O. TAMEKA WREN,  )<br>)<br>)<br>Relators/Plaintiffs,  )<br>)<br>v.  )<br>)<br>BIRMINGHAM JEFFERSON COUNTY TRANSIT AUTHORITY (BJCTA); STRADA PROFESSIONAL SERVICES, LLC.; WENDEL ARCHITECTURE, P.C.; SKYE CONNECT, INC.; EDMOND V. WATTERS; ALICE GORDON; BARBARA MURDOCK; and PATRICK SELLERS,  )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>Defendants.  ) | Case No.: 2:18-cv-00567-RDP |

_____

**MOTION TO DISMISS PLAINTIFF-RELATORS'
FIRST AMENDED COMPLAINT BY DEFENDANTS
SKYE CONNECT, INC. AND ALICE GORDON**

_____

NOW COME, Skye Connect, Inc. ("Skye") and Alice Gordon ("Gordon"), by and through their attorney, and pursuant to Rule 12(b)(6), Fed. R. Civ. P., move the Court to dismiss the Complaint, in all of its particulars, against these Defendants, and as grounds therefore, say as follows:

1.      The Complaint fails to state a claim under Rule 8(a)(2), Fed. R. Civ. P. against these Defendants under the False Claims Act ("FCA") for which relief can be granted.

2.      The Complaint fails to meet the requirements of Rule 9(b), Fed. R. Civ. P., by providing "the what, who, when and where" of any purported fraudulent action. Specifically, the Relators failed in their burden to plead facts as to time, place, and substance of the Defendants' alleged fraud, specifically, any allegedly fraudulent acts, when they occurred, and who engaged in them.

1

*See United States ex rel. Sanchez v. Lymphatx, Inc.,* 596 F.3d 1300, 1302 (11th Cir. 2010) (citing *United States ex rel. Clausen v. Lab. Corp. of Am.,* 290 F.3d 1301, 1308-10 (11th Cir. 2002) (holding that FCA claims are subject to the pleading requirements of Rule 9(b)).

3. The Complaint incorrectly suggests and/or alleges a violation of governmental regulation(s) infers fraudulent activity and is actionable under 31 U.S.C. § 3729(a). *See Universal Health Services, Inc. v. Escobar,* ___U.S. ___, 136 S. Ct. 1989 (2016); *Clausen,* 290 F. 3d 1311.

4. Any violation of a Governmental Regulation by either of these Defendants was not material to the Government's decision to make any grant from which payment was made. Relators failed to identify any grant from which BJCTA may have paid pursuant to a contract with Skye and which may have required certifications by Skye.

5. The Complaint incorrectly suggests and/or alleges inappropriate internal practices of the Birmingham Jefferson County Transit Authority ("BJCTA") infer fraudulent activity by these non-governmental Defendants and violates the FCA. *See Corsello v. Lincare Inc.,* 428 F. 3d 1008, 1012 (11th Cir. 2005); *Clausen*, 290 F. 3d at 1311.

6. The Complaint does not contain specific factual allegations against these Defendants that provides reasonable notice of the claims against them, as required under Rule 9(b), Fed. R. Civ. P. and the Due Process of Law Clause of the Fifth Amendment to the United States Constitution.

7. The Complaint is deficient under the FCA because it does not allege or describe any false claim presented to the government for payment by either of these Defendants.

8. The factual allegations against these Defendants claim there was not a payment of "fair value" for lack of a competitive bid for services.  There is no allegation as to why the payments did not otherwise represent "fair value," or how they were in fact "fraudulent" because not "fair"

so the allegations fail to provide sufficient Notice to allow these Defendants to know the claims against them. The allegations are deficient under Rules 8(a) and 9(b), Fed. R. Civ. P., and do not state a claim under the FCA.

9. The Complaint against these Defendants is due to be dismissed because the allegations of failure to obtain more than one bid for work to be performed is not an action, and is not alleged to be an action, or a duty, within the purview or ability of these Defendants to perform.

10. The Complaint does not contain factual allegations against these Defendants that either actually received any payment because of a fraudulently submitted invoice or claim for payment.

11. The Complaint fails to allege the particulars of any conspiracy, a meeting with named members of a conspiracy, or any overt act taken by either of these Defendants, or alleged members, in furtherance of a conspiracy that harmed the government as prohibited by the FCA. *See Corsello,* 428 F. 3d at 1014.

12. The suggested *quid pro quo* of an increase in salary by Murdock for an increase in the upper cap of the tasks-based contract of Skye in Paragraphs 142-144, does not provide the causal connection required in actions based on fraud. Presumably Plaintiffs intend to go fishing in discovery for such a connection. Plaintiff should not be allowed to use the powerful and expensive tool of discovery in federal courts to try to pad the requirements of the Complaint.

13. The Complaint does not contain any indicia of reliability that will satisfy Rule 9(b), Fed. R. Civ. P. and must be dismissed.

14. Defective complaints under the FCA are not allowed to survive a motion to dismiss in order to allow a Relator to conduct discovery and try to fill in the inadequate allegations under the FCA with suggestions or questions about "unfair" payments.

15.     Defendant, Alice Gordon, is due to be dismissed because she has never held a contract of any kind with BJCTA, submitted an invoice, or presented a claim for payment to the government for herself. Alice Gordon is the CEO of Skye Connect, Inc. which has contracted with the BJCTA, as acknowledged by Relators in the Complaint, Doc 1, p. 22, ¶ 143. There is no contract between BJCTA and Alice Gordon, which Plaintiffs know, or should know, and she is due to be dismissed forthwith.

16.     Any effort to amend the Complaint in order to meet the requirements of Rule 9(b) would be futile and should not be allowed. *See Corsello,* 428 F. 3d at 1014. These Defendants filed their first Motion to Dismiss on May 9, 2019 (Doc 26) in response to Relators' Complaint (Doc 1). Relators amended their Complaint (Doc 28) on May 14, 2019 and did not provide additional or informed allegations that would satisfy Rule 8(a)(2) or 9(b) as to these Defendants, even though they had the opportunity to do so.

17.     Defendants are submitting a Brief in support of this Motion.

/s/ *Marion F. Walker*
Marion F. Walker
ASB-0734-L73M
MFWALKER LAW GROUP, LLC
2323 2nd Avenue North
Birmingham, AL 35203
Tel:  205-327-8354
Fax:  205-718-7607
*mfw@mfwalkerlawgroup.com*

*Attorneys for Skye Connect, Inc. and Alice Gordon*

## CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2019, a true and correct copy of the foregoing Motion was filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following counsel of record:

United States Government
U.S. Attorney's Office for the Northern Division of Alabama
C/o Civil Division
1801 4th Avenue North
Birmingham, Alabama 35203

Samuel Fisher
Sidney M. Jackson
**Wiggins, Childs, Pantazis**
**Fisher & Goldfarb, LLC.**
301 19th Street North
Birmingham, Alabama 35203

Larry A. Goldston, Jr.
Leon Hampton
**Beasley, Allen, Crow, Methvin,**
**Portis & Miles, P.C.**
P.O. Box 4160
Montgomery, Alabama 36103-4160

Michael K.K. Choy
Robert H. Rutherford
Ellen T. Mathews
E. Travis Ramey
**Burr & Forman, LLP**
420 North 20th Street
Suite 3400
Birmingham, AL 35203

**Daniel J. Martin**
Jones Walker, LLP.
420 20th Street North, Suite 1100
Birmingham, Alabama 35203

*/s/**Marion F. Walker***
Of Counsel