IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., STARR CULPEPPER and O. TAMEKA WREN, <br><br>    Relators/Plaintiffs, <br><br> v. <br><br> BIRMINGHAM JEFFERSON COUNTY TRANSIT AUTHORITY, et al., <br><br>    Defendants. | Case No. 2:18-CV-00567-CLM |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' motions to dismiss (docs. 32, 34, 36, 54, and 62) and Relators' motion for default judgment (doc. 76). On February 19, 2020, the Court held a hearing on the pending motions to dismiss and the pending Motion for Default Judgment as to Defendant, Barbara Murdock.

In their various motions, the Defendants have asked the Court to dismiss all of Relators' claims pursuant to Fed. R. Civ. Pro. 12(b)(6) and 9(b). A Rule 12(b)(6) motion to dismiss challenges the legal sufficiency of a complaint. Under Rule 12(b)(6), a district court must dismiss an action that fails to state a claim upon which relief may be granted. *Chapman v. U.S. Postal Serv.*, 442 Fed. Appx. 480, 482 (11th Cir. 2011) (citing Fed. R. Civ. P. 12(b)(6)). In evaluating a motion to dismiss,

the court assumes the factual allegations in the complaint as true, *United States v. Gaubert*, 499 U.S. 315, 327 (1991), and construes all factual allegations in the light most favorable to the plaintiff. *Brower v. County of Inyo*, 489 U.S. 593, 598 (1989).

Fed. R. Civ. P. 9(b) provides an additional requirement with respect to allegations of fraud. Rule 9(b) states: "(b) Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." "In an action under the False Claims Act, Rule 8's pleading standard is supplemented but not supplanted by Federal Rule of Civil Procedure 9(b)." *Urquilla-Diaz v. Kaplan University*, 780 F.3d 1039, 1051 (11th Cir. 2015). While the relator may allege scienter generally, they must also "'state with particularity the circumstances constituting fraud.'" *Id.*

Relators Culpepper and Wren have filed a First Amended *qui tam* Complaint alleging that Defendants violated the False Claims Act, 31 U.S.C. §§ 3729 – 3733. The Relators assert a variety of claims under the False Claims Act against all eight Defendants. As stated on the record at the hearing, the Court **GRANTS** Defendant Wendel Architecture, PC's ("Wendel") Motion to Dismiss (doc. 34); Defendants Skye Connect, Inc. ("Skye) and Alice Gordon's ("Gordon") Motion to Dismiss (doc. 36); and Defendant Patrick Sellers' ("Sellers") Motion to Dismiss (doc. 62). The Court **GRANTS IN PART** Defendants Strada Professional Services, LLC

("Strada") and Edmond V. Watters ("Watters") Motion to Dismiss (doc. 54) and Defendant Birmingham Jefferson County Transit Authority's ("BJCTA") Motion to Dismiss (doc. 32). The dismissed and remaining claims are discussed in more detail below. Further, the Court incorporates the rationale stated from the bench during the hearing on these motions.

I. **Count I: Violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(A) against Defendants BJCTA, Strada, Murdock, and Watters**

As stated on the record, the Court finds that the Relators have stated a claim with sufficient particularity to survive a motion to dismiss Count I as to Defendants BJCTA, Strada, and Murdock. The Relators may proceed with Count I as to those Defendants. However, the Court finds any claims under 31 U.S.C. § 3729(a)(1)(A) against Defendant Watters are **DISMISSED.**

II. **Count II: Violation of the False Claims Act, (False Statements and Certifications) 31 U.S.C. § 3729(a)(1)(A) and (B) against Defendants BJCTA, Strada, Murdock, and Watters**

As stated on the record, the Court finds that the Relators have stated a claim with sufficient particularity to survive a motion to dismiss as to Count II. The Relators may proceed with Count II as to all Defendants named in Count II.

III. **Count III: Violation of the False Claims Act, 31 U.S.C. § 3729(a)(1)(A) against Defendants BJCTA, Skye Connect, Murdock, and Gordon**

As stated on the record, the Court finds that Count III is **DISMISSED** as to all Defendants. The Relators conceded at the hearing that the work provided by

Skye Connect and Gordon was not architecture and engineering work and therefore is not subject to the Brooks Act. The Relators also conceded they have not sufficiently pleaded another statute or regulation that would create a claim against these parties. Finally, the Relators conceded if there were any claim properly pleaded against Defendants Skye and Gordon, it would be a conspiracy claim. Accordingly, Count III is **DISMISSED.**

### IV. Count IV: (False Record/False Statement and Certifications) Violation of False Claims Act, 31 U.S.C. §§ 3729 (a)(1)(A) and (B) against Defendants BJCTA, Skye Connect, Murdock, and Gordon

Count IV is **DISMISSED** as to all Defendants for the same reasons listed under Count III.

### V. Count V: Violation of False Claims Act, 31 U.S.C. § 3729(a)(1)(C) against Defendants BJCTA, Wendel, Murdock, and Sellers

As stated on the record, the Court finds that Count V is **DISMISSED** as to all Defendants. The Relators did not allege that the Defendants submitted a false claim to the United States government related to the allegations in Count V or that there were any damages to the United States. Accordingly, Count V cannot proceed.

### VI. Count VI: Violation of False Claims Act, 31 U.S.C. § 3729 (a)(1)(G) against Defendants BJCTA, Strada, Skye Connect, Murdock, Watters, and Gordon

As stated on the record, the Court will allow the Relators to proceed on the "reverse false claim" theory alleged in Count VI as to Defendants BJCTA, Strada,

Watters, and Murdock. But, as also stated on the record, the Court preserves those Defendants' argument that a reverse false claim cannot arise from the failure to report a false claim. Thus, the Court may entertain an additional motion to dismiss and/or a motion for summary judgment regarding the Relators' reverse false claims count. The Court finds any claims under 31 U.S.C. § 3729(a)(1)(G) against Defendants Skye Connect and Gordon are **DISMISSED.**

VII. **Count VII: Violation of False Claims Act, 31 U.S.C. § 3729 (a)(1)(C) against Defendants BJCTA, Strada, Skye Connect, Murdock, Watters, and Gordon**

As stated on the record, the Court finds that the Relators have stated a claim with sufficient particularity to survive a motion to dismiss Count VII as to Defendants BJCTA, Strada, Watters, and Murdock. The Relators may proceed with Count VI as to those Defendants. The Court finds any claims under 31 U.S.C. § 3729(a)(1)(C) against Defendants Skye Connect and Gordon are **DISMISSED.**

VIII. **Count VIII: (Retaliation) Violation of False Claims Act, 31 U.S.C. § 3730(h)**

As stated on the record, the Court finds that the Relators have stated a claim under Fed. R. Civ. Pro. 12(b)(6) sufficient to survive a motion to dismiss Count VIII. The Relators conceded that this count may only be properly brought against Defendant BJCTA and therefore, to the extent that it was unclear which Defendants this count was brought against, the Court finds that this Count may only proceed

against Defendant BJCTA.

## The Pending Motion for Default Judgment

In addition to the motions to dismiss, the Court also reviewed the Relators' pending Motion for Default Judgment as to Defendant Barbara Murdock (doc. 76). Before filing a motion for default judgment, a plaintiff must ask the Clerk of Court for an entry of default. Fed. R. Civ. P. 55(a). According to the docket, Relators have not requested an entry of default, and the Clerk has not entered default against Defendant Murdock. Consequently, the Court **DENIES** the Relators motion for default as premature.

## CONCLUSION

For the reasons explained above and stated on the record at the recent hearing in this matter, the Court Counts III, IV, and V are **DISMISSED with prejudice**. The Clerk is **DIRECTED** to terminate Defendants Wendel Architecture, PC; Skye Connect, Inc.; Alice Gordon; and Patrick Sellers as parties to this case. The Court **ORDERS** the remaining parties to hold a Fed. R. Civ. Pro. Rule 26(f) conference as soon as practicable and to file a Report of Parties' Planning no later than March 20, 2020. The Court **ORDERS** the Relators to file an Amended Complaint that does not include shotgun pleading and which makes clear which alleged facts relate to each specific count. All current requirements for the remaining Defendants to answer the current Amended Complaint are **STAYED**. Instead, the Court **ORDERS** the

Defendants to respond to the new Amended Complaint, when it is filed, as required by the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** this 21st day of February, 2020.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE